**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| INTELLECTUAL VENTURES I LLC and | ) | |
| INTELLECTUAL VENTURES II LLC, | ) | |
| | ) | |
| *Plaintiffs*, | ) | C.A. No. 2:23-cv-524 |
| | ) | |
| v. | ) | |
| | ) | |
| COMERICA INCORPORATED | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| *Defendant*. | ) | |
| | ) | |
| | ) | |
| | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively, "Intellectual Ventures" or "Plaintiffs"), in their Complaint of patent infringement against Defendant Comerica Incorporated ("Comerica" or "Defendant"), hereby allege as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for the infringement of United States Patent No. 8,332,844 (the "'844 Patent"), United States Patent No. 8,407,722 (the "'722 Patent"), United States Patent No. 7,712,080 (the "'080 Patent"), and United States Patent No. 7,949,785 (the "'785 Patent") (collectively, the "Patents-in-Suit") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

### Intellectual Ventures

2.      Plaintiff Intellectual Ventures I LLC ("Intellectual Ventures I") is a Delaware limited liability company having its principal place of business located at 3150 139th Avenue SE, Bellevue, Washington 98005.

3.      Plaintiff Intellectual Ventures II LLC ("Intellectual Ventures II") is a Delaware limited liability company having its principal place of business located at 3150 139th Avenue SE, Bellevue, Washington 98005.

4.      Intellectual Ventures I is the owner of all rights, title, and interest in and to the '722, '080, and '785 Patents.

5.      Intellectual Ventures II is the owner of all rights, title, and interest in and to the '844 Patent.

## COMERICA

6.      Upon information and belief, Comerica is a corporation organized and existing under the laws of Texas with a principal place of business, located 1717 Main Street, Dallas, TX 75201. On information and belief, Comerica does business itself, or through its subsidiaries, affiliates, and agents, in the State of Texas and the Eastern District of Texas.

7.      Upon information and belief, Comerica utilizes, services, tests, distributes, and/or offers in the State of Texas and the Eastern District of Texas financial services and technologies ("Accused Systems and Services") thereof that infringe the Patents-in-Suit, contributes to the infringement by others, and/or induces others to commit acts of patent infringement in the State of Texas and the Eastern District of Texas.

8.     Comerica has regular and established places of business, at which it has committed acts of infringement and placed the Accused Systems and Services into the stream of commerce, throughout the State of Texas and the Eastern District of Texas.  For example, Comerica maintains its Regional Headquarters, located at 8208 Preston Rd, Plano, TX 75024 ("Comerica Plano HQ").[1] Comerica also maintains numerous branch offices throughout this District, including at least: (1) Comerica Parker-Premier – located at 3310 Premier Road, Plano, TX 75023; (2) Comerica Campbell-Central – located at 910 E. Campbell Road, Richardson, TX 75081; (3) Comerica Garland-Naaman Forest – located at 4950 N Garland Ave, Garland, TX 75040; (4) Comerica Richardson-Belt Line – located at 1201 E. Beltline Road, Richardson, TX 75081; (5) Comerica McDermott-75 – located at 805 W. McDermott Dr., Allen, TX 75013; (6) Comerica Central-Spring Valley – located at 811 S. Central Expwy, Richardson, TX 75080; and (7) Comerica Coit-121 – located at 3700 S.H. 121, Plano TX 75025 (collectively, "Comerica Branches").

9.     Upon information and belief, the Comerica Plano HQ in this District is a regular, continuous, and established physical place of business of Comerica, being established, ratified, and/or controlled by Comerica as a regional headquarters, which is a place of business at which Comerica utilizes, services, tests, distributes, and/or offers the Accused Systems and Services.

10.     Upon information and belief, Comerica ratifies and holds Comerica Plano HQ out as a regular and established place of business of Comerica in this District, for example, with numerous technology job openings in Plano, Texas.[2]

---

[1] https://locations.comerica.com/location/preston-at-headquarters (last accessed on November 13, 2023)
[2] https://careers.comerica.com/job-search-results/?location=TX%2C%20Plano (last accessed on November 13, 2023)

11.    Upon information and belief, the Comerica Branches in this District are regular, continuous, and established physical places of business of Comerica, being established, ratified, and/or controlled by Comerica as authorized branches, which are the places of business at which Comerica utilizes, services, tests, distributes, and/or offers the Accused Systems and Services.

12.    Upon information and belief, Comerica ratifies and holds these Comerica Branches out as regular and established places of business of Comerica in this District by listing them on Comerica's website, including, *e.g.*, as shown below[3]:



13.    Upon information and belief, Comerica further ratifies and holds these Comerica Branches out as regular and established places of business of Comerica in this District by recruiting, hiring, training, offering compensation and benefits to, controlling, and/or labeling as authorized or certified Comerica employees and agents some or all of the employees or agents employed in this District, including for example, Comerica bank tellers, customer service

---

[3] https://locations.comerica.com/?q=plano%2C+texas&filter=bc (last accessed on November 13, 2023)

representatives, personal bankers, loan officers, mortgage consultants, investment bankers, credit analysts, and managers.

14.     Upon information and belief, Comerica further ratifies and holds these Comerica Branches out as regular and established places of business of Comerica by providing them with promotions and sharing customer data with these Comerica Branches to offer customized Comerica services.

15.     Upon information and belief, Comerica has established, ratified, and holds these Comerica Branches out as regular and established places of business of Comerica by directing and controlling these Comerica Branches' actions and services in the foregoing manner, and has consented to these Comerica Branches acting on Comerica's behalf and being Comerica's places of business whereby the Accused Systems and Services are utilized, serviced, tested, distributed, and/or offered and placed into the stream of commerce in this District, and these Comerica Branches have consented to act on Comerica's behalf pursuant to the foregoing terms of control and direction in order to be able to offer financial services that utilize the Accused Systems and Services.

## JURISDICTION AND VENUE

16.     This is an action for patent infringement arising under the patent laws of the United States.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

17.     This Court has personal jurisdiction over Comerica because Comerica conducts business in and has committed acts of patent infringement, contributed to infringement by others, and/or induced others to commit acts of patent infringement in this District, the State of Texas, and elsewhere in the United States and has established minimum contacts with this forum state such that the exercise of jurisdiction over Comerica would not offend the traditional notions of fair

play and substantial justice. Upon information and belief, Comerica transacts substantial business with entities and individuals in the State of Texas and the Eastern District of Texas, by among other things, utilizing, servicing, testing, distributing, and/or offering Comerica's services that infringe the Patents-in-Suit, including the infringing Accused Systems and Services thereof that Comerica purposefully directs into the State of Texas and this District as alleged herein, as well as by providing service and support to its partners, vendors, and/or third-parties in this District. Comerica places the Accused Systems and Services into the stream of commerce via authorized and established distribution channels with the knowledge and expectation that they will be utilized, serviced, tested, distributed, and/or offered in the State of Texas, including this District.

18.     Comerica is subject to this Court's general and specific jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to Comerica's substantial business in the State of Texas and this District, including through its past infringing activities, because Comerica regularly does and solicits business herein, and/or because Comerica has engaged in persistent conduct and/or has derived substantial revenues from offered financial services that utilize the Accused Systems and Services offered to partners, vendors, and/or third-parties in the State of Texas and this District.

19.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1400(b) because Comerica resides in this District as it maintains its Comerica Plano HQ in this District, maintains numerous regular and established places of business in this District, and has committed and continues to commit acts of infringement in this District giving rise to this Action.

## FACTUAL BACKGROUND

20.     Intellectual Ventures Management, LLC ("Intellectual Ventures Management") was founded in 2000. Since then, Intellectual Ventures Management has been involved in the

business of inventing.  Intellectual Ventures Management facilitates inventions by inventors and the filing of patent applications for those inventions, collaboration with others to develop and patent inventions, and the acquisition and licensing of patents from individual inventors, universities, corporations, and other institutions.  A significant aspect of Intellectual Ventures Management's business is managing the plaintiffs in this case, Intellectual Ventures I and Intellectual Ventures II.

21.    One of the founders of Intellectual Ventures Management is Nathan Myhrvold, who worked at Microsoft from 1986 until 2000 in a variety of executive positions, culminating in his appointment as the company's first Chief Technology Officer ("CTO") in 1996.  While at Microsoft, Dr. Myhrvold founded Microsoft Research in 1991 and was one of the world's foremost software experts.  Between 1986 and 2000, Microsoft became the world's largest technology company.

22.    Under Dr. Myhrvold's leadership, Intellectual Ventures acquired more than 70,000 patents covering many inventions important to financial institutions.

23.    Comerica offers several types of financial services and technologies to its partners, vendors, and/or third-parties. Comerica's services utilize systems, including but not limited to: Kubernetes, Docker, Kafka, and Spark. These systems and services are used by various financial services and technologies managed by Comerica to enable the financial products and services it offers to its customers. Specifically, Comerica utilizes, services, tests, distributes, and/or offers these financial systems and services throughout the world, including in the United States and Texas.

## THE PATENTS-IN-SUIT

*U.S. Patent No. 8,332,844*

24.     On December 11, 2012, the PTO issued the '844 Patent, titled "Root Image Caching and Indexing for Block-Level Distributed Application Management." The '844 Patent is valid and enforceable. A copy of the '844 Patent is attached as Exhibit 1.

25.     Intellectual Ventures II is the owner of all rights, title, and interest in and to the '844 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '844 Patent.

*U.S. Patent No. 8,407,722*

26.     On March 26, 2013, the PTO issued the '722 Patent, titled "Asynchronous Messaging Using a Node Specialization Architecture in the Dynamic Routing Network."  The '722 Patent is valid and enforceable. A copy of the '722 Patent is attached as Exhibit 2.

27.     Intellectual Ventures I is the owner of all rights, title, and interest in and to the '722 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '722 Patent.

*U.S. Patent No. 7,712,080*

28.     On May 4, 2010, the PTO issued the '080 Patent, titled "Systems and Methods for Parallel Distributed Programming." The '080 Patent is valid and enforceable. A copy of the '080 Patent is attached as Exhibit 3.

29.     Intellectual Ventures I is the owner of all rights, title, and interest in and to the '080 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '080 Patent.

*U.S. Patent No. 7,949,785*

30.     On May 24, 2011, the PTO issued the '785 Patent, titled "Secure Virtual Community Network System." The '785 Patent is valid and enforceable. A copy of the '785 Patent is attached as Exhibit 4.

31.     Intellectual Ventures I is the owner of all rights, title, and interest in and to the '785 Patent, and holds all substantial rights therein, including the right to grant licenses, to exclude others, and to enforce and recover past damages for infringement of the '785 Patent.

<u>**COUNT I**</u>
(Comerica's Infringement of U.S. Patent No. 8,332,844)

32.     IV incorporates paragraphs 1 through 31 herein by reference.

33.     **Direct Infringement.** Comerica, without authorization or license from IV, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '844 Patent, by utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services that infringe the '844 Patent, including but not limited to at least the Accused Systems and Services identified in the example charts incorporated, per paragraph 42 below, into this Count (collectively, "Example Comerica Count I Systems and Services") that infringe at least the example claims of the '844 Patent identified in the charts incorporated into this Count (the "Example '844 Patent Claims") literally or by the doctrine of equivalents.

34.     On information and belief, Comerica has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '844 Patent Claims, by internal testing and use of the Example Comerica Count I Systems and Services.

35.     Comerica has known that its infringing systems and services, such as the Example Comerica Count I Systems and Services, cannot be used without infringing the technology claimed

in the '844 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

36.    **Willful Blindness.** Comerica knew of the '844 Patent, or should have known of the '844 Patent, but was willfully blind to its existence. Comerica has had actual knowledge of the '844 Patent not later than receipt of a letter, dated November 14, 2023, and received on the same date. By the time of trial, Comerica will have known (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '844 Patent. *See* Exhibit 5 (Notice Letter).

37.    **Induced Infringement.** Comerica has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '844 Patent by contributing to and/or inducing its partners, vendors, and/or third-parties to use or cause to use its systems and services, such as Example Comerica Count I Systems and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, and/or third-parties to infringe the '844 Patent.

38.    Comerica therefore actively, knowingly, and intentionally has committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '844 Patent with knowledge of the '844 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '844 Patent. Comerica has actively induced others, including, but not limited to, partners, vendors, and/or third-parties who use the Example Comerica Count I Systems and Services to infringe the '844 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Comerica Count I Systems and Services.

39.    **Contributory Infringement.** Comerica actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '844 Patent by its partners, vendors, and/or third-parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '844 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

40.    Comerica therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', and/or third-parties' infringement of the '844 Patent, literally and/or by the doctrine of equivalents, by utilizing, servicing, testing, distributing, and/or offering Example Comerica Count I Systems and Services for use in a manner that infringes one or more claims of the '844 Patent. Example Comerica Count I Systems and Services are especially made or adapted for infringing the '844 Patent and have no substantial non-infringing use.

41.    Exhibit 6 (claim charts) includes the Example Comerica Count I Systems and Services and Example '844 Patent Claims. As set forth in these charts, the Example Comerica Count I Systems and Services practice the technology claimed by the '844 Patent. Accordingly, the Example Comerica Count I Systems and Services incorporated in these charts satisfy all elements of the Example '844 Patent Claims.

42.    IV therefore incorporates by reference in its allegations herein the claim charts of Exhibit 6.

43.    IV is entitled to recover damages adequate to compensate for Comerica's infringement of the '844 Patent and will continue to be damaged by such infringement. IV is

entitled to recover damages from Comerica to compensate it for Comerica's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

44.    Further, Comerica's infringement of IV's rights under the '844 Patent will continue to damage IV's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

## COUNT II
(Comerica's Infringement of U.S. Patent No. 8,407,722)

45.    IV incorporates paragraphs 1 through 44 herein by reference.

46.    **Direct Infringement.** Comerica, without authorization or license from IV, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '722 Patent, by utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services that infringe the '772 Patent, including but not limited to at least the Accused Systems and Services identified in the example charts incorporated, per paragraph 55 below, into this Count  (collectively, "Example Comerica Count II Systems and Services") that infringed at least the example claims of the '722 Patent identified in the charts incorporated into this Count (the "Example '722 Patent Claims") literally or by the doctrine of equivalents.

47.    On information and belief, Comerica has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '722 Patent Claims, by internal testing and use of the Example Comerica Count II Systems and Services.

48.    Comerica has known that its infringing systems and services, such as the Example Comerica Count II Systems and Services, cannot be used without infringing the technology

claimed in the '722 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

49.    **Willful Blindness.** Comerica knew of the '722 Patent, or should have known of the '722 Patent, but was willfully blind to its existence. Comerica has had actual knowledge of the '722 Patent not later than receipt of a letter, dated November 14, 2023 and received on the same date.  By the time of trial, Comerica will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '722 Patent. *See* Exhibit 5 (Notice Letter).

50.    **Induced Infringement.** Comerica has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '722 Patent by contributing to and/or inducing its partners, vendors, and/or third-parties to use its systems and services, such as Example Comerica Count II Systems and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, and/or third-parties to infringe the '722 Patent.

51.    Comerica therefore actively, knowingly, and intentionally has committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '722 Patent with knowledge of the '722 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '722 Patent. Comerica has actively induced others, including, but not limited to, partners, vendors, and/or third-parties who use the Example Comerica Count II Systems and Services to infringe the '722 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Comerica Count II Systems and Services.

52.     **Contributory Infringement.** Comerica actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '722 Patent by its partners, vendors, and/or third-parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '722 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

53.     Comerica therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', and/or third-parties' infringement of the '722 Patent, literally and/or by the doctrine of equivalents, by utilizing, servicing, testing, distributing, and/or offering Example Comerica Count II Systems and Services for use in a manner that infringes one or more claims of the '722 Patent. Example Comerica Count II Systems and Services are especially made or adapted for infringing the '722 Patent and have no substantial non-infringing use.

54.     Exhibit 7 (claim charts) includes the Example Comerica Count II Systems and Services and Example '722 Patent Claims. As set forth in these charts, the Example Comerica Count II Systems and Services practice the technology claimed by the '722 Patent. Accordingly, the Example Comerica Count II Systems and Services incorporated in these charts satisfy all elements of the Example '722 Patent Claims.

55.     IV therefore incorporates by reference in its allegations herein the claim charts of Exhibit 7.

56.     IV is entitled to recover damages adequate to compensate for Comerica's infringement of the '722 Patent and will continue to be damaged by such infringement. IV is

entitled to recover damages from Comerica to compensate it for Comerica's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

57.    Further, Comerica's infringement of IV's rights under the '722 Patent will continue to damage IV's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

### COUNT III
(Comerica's Infringement of U.S. Patent No. 7,712,080)

58.    IV incorporates paragraphs 1 through 57 herein by reference.

59.    **Direct Infringement.** Comerica, without authorization or license from IV, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '080 Patent, by utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services that infringe the '080 Patent, including but not limited to at least the Accused Systems and Services identified in the example charts incorporated, per paragraph 68 below, into this Count  (collectively, "Example Comerica Count III Systems and Services") that infringe at least the example claims of the '080 Patent identified in the charts incorporated into this Count (the "Example '080 Patent Claims") literally or by the doctrine of equivalents.

60.    On information and belief, Comerica has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '080 Patent Claims, by internal testing and use of the Example Comerica Count III Systems and Services.

61.    Comerica has known that its infringing systems and services, such as the Example Comerica Count III Systems and Services, cannot be used without infringing the technology

claimed in the '080 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

62.    **Willful Blindness.** Comerica knew of the '080 Patent, or should have known of the '080 Patent, but was willfully blind to its existence. Comerica has had actual knowledge of the '080 Patent not later than receipt of a letter, dated November 14, 2023, and received on the same date. By the time of trial, Comerica will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '080 Patent. *See* Exhibit 5 (Notice Letter).

63.    **Induced Infringement.** Comerica has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '080 Patent by contributing to and/or inducing its partners, vendors, and/or third-parties to use or its systems and services, such as Example Comerica Count III Systems and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, and/or third-parties to infringe the '080 Patent.

64.    Comerica therefore actively, knowingly, and intentionally has committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '080 Patent with knowledge of the '080 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '080 Patent. Comerica has actively induced others, including, but not limited to, partners, vendors, and/or third-parties who use the Example Comerica Count III Systems and Services to infringe the '080 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Comerica Count III Systems and Services.

65.    **Contributory Infringement.** Comerica actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '080 Patent by its partners, vendors, and/or third-parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '080 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

66.    Comerica therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', and/or third-parties' infringement of the '080 Patent, literally and/or by the doctrine of equivalents, by utilizing, servicing, testing, distributing, and/or offering Example Comerica Count III Systems and Services for use in a manner that infringes one or more claims of the '080 Patent. Example Comerica Count III Systems and Services are especially made or adapted for infringing the '080 Patent and have no substantial non-infringing use.

67.    Exhibit 8 (claim charts) includes the Example Comerica Count III Systems and Services and Example '080 Patent Claims. As set forth in these charts, the Example Comerica Count III Systems and Services practice the technology claimed by the '080 Patent. Accordingly, the Example Comerica Count III Systems and Services incorporated in these charts satisfy all elements of the Example '080 Patent Claims.

68.    IV therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

69.    IV is entitled to recover damages adequate to compensate for Comerica's infringement of the '080 Patent and will continue to be damaged by such infringement. IV is

entitled to recover damages from Comerica to compensate it for Comerica's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

70.     Further, Comerica's infringement of IV's rights under the '080 Patent will continue to damage IV's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

## COUNT IV
(Comerica's Infringement of U.S. Patent No. 7,949,785)

71.     IV incorporates paragraphs 1 through 70 herein by reference.

72.     **Direct Infringement.** Comerica, without authorization or license from IV, has directly infringed, and continues to directly infringe, literally and/or by the doctrine of equivalents, individually and/or jointly, the '785 Patent, by utilizing, servicing, testing, distributing, and/or offering the Accused Systems and Services that infringe the '785 Patent, including but not limited to at least the Accused Systems and Services identified in the example charts incorporated, per paragraph 81 below, into this Count  (collectively, "Example Comerica Count IV Systems and Services") that infringe at least the example claims of the '785 Patent identified in the charts incorporated into this Count (the "Example '785 Patent Claims") literally or by the doctrine of equivalents.

73.     On information and belief, Comerica has also infringed and continues to directly infringe, literally or under the doctrine of equivalents, the Example '785 Patent Claims, by internal testing and use of the Example Comerica Count IV Systems and Services.

74.     Comerica has known that its infringing systems and services, such as the Example Comerica Count IVI Systems and Services, cannot be used without infringing the technology

claimed in the '785 Patent, and are not staple articles of commerce suitable for substantial non-infringing uses.

75.    **Willful Blindness.** Comerica knew of the '785 Patent, or should have known of the '785 Patent, but was willfully blind to its existence. Comerica has had actual knowledge of the '785 Patent not later than receipt of a letter, dated November 14, 2023 and received on the same date. By the time of trial, Comerica will have known and intended (since receiving such notice) that its continued actions would infringe and actively induce and contribute to the infringement of one or more claims of the '785 Patent. *See* Exhibit 5 (Notice Letter).

76.    **Induced Infringement.** Comerica has also contributed to and/or induced, and continues to contribute to and/or induce the infringement of the '785 Patent by contributing to and/or inducing its partners, vendors, and/or third-parties to use its systems and services, such as Example Comerica Count IV Systems and Services, in an infringing manner as described above, including encouraging and instructing its partners, vendors, and/or third-parties to infringe the '785 Patent.

77.    Comerica therefore actively, knowingly, and intentionally has committed, and continue to commit, affirmative acts that cause infringement, literally and/or by the doctrine of equivalents, of one or more claims of the '785 Patent with knowledge of the '785 Patent and knowledge that the induced acts constitute infringement of one or more claims of the '785 Patent. Comerica has actively induced others, including, but not limited to, partners, vendors, and/or third-parties who use the Example Comerica Count IV Systems and Services to infringe the '785 Patent, literally and/or by the doctrine of equivalents, throughout the United States, including within this District, by, among other things, advertising, promoting, and instructing the infringing use of the Example Comerica Count IV Systems and Services.

78.    **Contributory Infringement.** Comerica actively, knowingly, and intentionally has committed, and continues to commit contributory infringement, literally and/or by the doctrine of equivalents, by, *inter alia,* knowingly providing software and technologies that when used, cause the direct infringement of one or more claims of the '785 Patent by its partners, vendors, and/or third-parties, and which have no substantial non-infringing uses, or include a separate and distinct technology that is especially made or especially adapted for use in infringement of the '785 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.

79.    Comerica therefore actively, knowingly, and intentionally has been and continues to materially contribute to their partners', vendors', and/or third-parties' infringement of the '785 Patent, literally and/or by the doctrine of equivalents, by utilizing, servicing, testing, distributing, and/or offering Example Comerica Count IV Systems and Services for use in a manner that infringes one or more claims of the '785 Patent. Example Comerica Count IV Systems and Services are especially made or adapted for infringing the '785 Patent and have no substantial non-infringing use.

80.    Exhibit 9 (claim charts) includes the Example Comerica Count IV Systems and Services and Example '785 Patent Claims. As set forth in these charts, the Example Comerica Count IV Systems and Services practice the technology claimed by the '785 Patent. Accordingly, the Example Comerica Count IV Systems and Services incorporated in these charts satisfy all elements of the Example '785 Patent Claims.

81.    IV therefore incorporates by reference in its allegations herein the claim charts of Exhibit 9.

82.    IV is entitled to recover damages adequate to compensate for Comerica's infringement of the '785 Patent and will continue to be damaged by such infringement. IV is

entitled to recover damages from Comerica to compensate it for Comerica's infringement, as alleged above, in an amount measured by no less than a reasonable royalty under 35 U.S.C. § 284, as well as enhanced damages pursuant to 35 U.S.C. § 284.

83.     Further, Comerica's infringement of IV's rights under the '785 Patent will continue to damage IV's business, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by the Court.

### DEMAND FOR JURY TRIAL

84.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs respectfully request a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.     A judgment that the Patents-in-Suit are valid and enforceable;

B.     A judgment that Defendant directly infringes, contributorily infringes, and/or induces infringement of one or more claims of *each of* the Patents-in-Suit;

C.     A judgment that awards Plaintiffs all damages adequate to compensate them for Defendant's direct infringement, contributory infringement, and/or induced infringement, of the Patents-in-Suit, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

D.     A judgment that awards Plaintiffs all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement with respect to the Patents-in-Suit;

E.     A judgment that awards Plaintiffs all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the Patents-in-Suit, including ongoing royalties, pre- and post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

F.    A judgment that this case is exceptional under 35 U.S.C. § 285;

G.    An accounting of all damages not presented at trial; and

H.    A judgment that awards Plaintiffs their costs, disbursements, attorneys' fees, and such further and additional relief as is deemed appropriate by the Court.

Dated:  November 15, 2023

RESPECTFULLY SUBMITTED,

By:  */s/ Jonathan K. Waldrop,*
   *with permission by Allen F. Gardner*
   Allen F. Gardner (TX Bar No. 24043679)
   allen@allengardnerlaw.com
   **ALLEN GARDNER LAW, PLLC**
   609 S. Fannin
   Tyler, Texas 75701
   Telephone: (903) 944-7537
   Facsimile: (903) 944-7856

   Jonathan K. Waldrop (CA Bar No. 297903)
   (Admitted in this District)
   jwaldrop@kasowitz.com
   Darcy L. Jones (CA Bar No. 309474)
   (Admitted in this District)
   djones@kasowitz.com
   ThucMinh Nguyen (CA Bar No. 304382)
   (Admitted in this District)
   tnguyen@kasowitz.com
   John W. Downing (CA Bar No. 252850)
   (Admitted in this District)
   jdowning@kasowitz.com
   Marcus A. Barber (CA Bar No. 307361)
   (Admitted in this District)
   mbarber@kasowitz.com
   Heather S. Kim (CA Bar No. 277686)
   (Admitted in this District)
   hkim@kasowitz.com
   **KASOWITZ BENSON TORRES LLP**
   333 Twin Dolphin Drive, Suite 200
   Redwood Shores, California 94065
   Telephone: (650) 453-5170
   Facsimile: (650) 453-5171